

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GILBERT TALAMANTEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-095-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gilbert Talamantez, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner has filed this federal habeas petition challenging a disciplinary proceeding conducted at the Mineral Wells Pre-Parole Transfer Facility, and the resultant 15-day commissary and

recreation restrictions, reduction in class status from S2 to L3, and loss of 180 days good time. (Disciplinary Hrg. R. at 1) Petitioner was charged in Disciplinary Case No. 20100000539 with committing a felony offense, a level I, code 10.0 violation. (*Id.* at 2) The offense report alleged that on August 31, 2009, petitioner-

> Did possess two cell phones with chargers and eight packages of looseleaf tobacco, a felony as defined by the laws of the State of Texas and in violation of 38.11 of the Texas Penal Code.

After receiving notice of the charges, petitioner was appointed counsel substitute and attended a disciplinary hearing on September 11, 2009, during which he was found guilty of the offense. He filed Step 1 and Step 2 grievances contesting the disciplinary conviction to no avail.

## II. Grounds

Petitioner claims he received ineffective assistance of counsel, his due process rights were violated, he was denied his right to call witnesses on his behalf, and he was never in possession of the contraband. (Petition at 7-8)

## III. Rule 5 Statement

Thaler asserts petitioner has failed to exhaust one or more of his claims as required by § 2254(b)(1)(A). A court may deny a

2

petition on the merits notwithstanding a petitioner's failure to exhaust under § 2254(b)(2).

## IV.  Discussion

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). To the extent the disciplinary proceeding resulted in the loss of recreational and commissary privileges and the reduction in line class status, which do not impact the fact or duration of confinement, these claims do not raise a federal constitutional question. *Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995).

On the other hand, a state prisoner who is eligible for release to mandatory supervision has a protected liberty interest in the loss of good time credits, and TDCJ must accord the inmate minimal procedural due process before depriving him of any previously earned good time credits through administrative or disciplinary proceedings. *Teague v. Quarterman*, 482 F.3d 769, 776-81 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Henson v. U.S.*

*Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Thus, in order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits.

The TDCJ online Offender Information Detail indicates petitioner is confined pursuant to a June 6, 2006, conviction for the offense of burglary of a habitation out of Bear County, Texas, for which he received a ten-year sentence. Under state law in effect then and now, an inmate serving a sentence for the offense of burglary of a habitation is not eligible for mandatory supervision release. *See* TEX. GOV'T CODE ANN. § 508.149(a)(13) (Vernon Supp. 2009-10). Because petitioner is serving a sentence for burglary of a habitation, he is ineligible for mandatory supervision, and his loss of his good time credits does not implicate a liberty interest. Petitioner is not entitled to federal habeas corpus relief.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

4

denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253©, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April 5, 2010.

/s/ John McBryde
JOHN McBRYDE
United States District Judge